UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAN TANGREDI,

                     Plaintiff,

      - against -

CAROLYN W. COLVIN,
Commissioner of Social Security

                     Defendant.

REPORT AND RECOMMENDATION

11-CV-5836 (AT) (RLE)

**To the HONORABLE ANALISA TORRES, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff Joan Tangredi ("Tangredi") successfully appealed the denial of her past-due disability benefits by the Social Security Administration ("SSA") to this Court. On remand, the SSA awarded $196,343 in past-due benefits. Tangredi and her counsel, Lewis Insler, had previously entered into a contingent-fee agreement providing for Insler to be paid fees totaling twenty-five percent of awarded past-due benefits. Counsel now seeks an order granting fees of $15,000, $5306.59 of which will be returned to Tangredi under the Equal Access to Justice Act ("EAJA"). The Commissioner does not oppose this request. (Doc. No. 16) For the reasons set forth below, I recommend that the fee application in the amount of $15,000 be **GRANTED**.

## II. BACKGROUND

Tangredi entered into a retainer agreement with counsel on June 30, 2009. The agreement provided that if Tangredi's case were remanded and she was awarded past-due benefits, Insler would receive "25% of the past due benefits." (Mem. in Support of App. for Fees ("Mem."), Ex. 3.) On July 8, 2009, Tangredi appealed to this Court the Social Security Appeal Council's decision to uphold the Administrative Law Judge's ("ALJ") determination that she is not disabled under the Social Security Act ("Act"). The case was remanded for a further hearing

during which the ALJ again determined that Tangredi was not disabled under the Act. After a second Appeal Council denial, Tangredi appealed to this Court on August 19, 2011, the Social Security Appeal Council's decision to uphold the ALJ's determination that she is not disabled under the Act. On remand, Tangredi was awarded past due benefits in the amount of $196,343. Insler has already received $5306.59 in fees under EAJA. Insler spent a total of 27.55 hours on Tangredi's appeal. (Mem., Ex. 2) He has made a separate request of $20,000 in fees for work done at the administrative level that is currently pending before the Comissioner's Regional Chief ALJ. (*Id.*)

### III. DISCUSSION

Fees for representation of Social Security Disability claimants are controlled by 42 U.S.C.A. § 406(b).[1] The statute does not prohibit contingent-fee agreements, and instead requires client's counsel to charge "a reasonable fee for representation before the court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002). Where there is a contingency agreement, however, the Court may not disregard it and calculate a fee that it finds reasonable under the lodestar method, *see Gisbrecht*, 535 U.S. at 806-07; rather, the Court must give ". . . deference to the contingency agreement, and may reduce the amount it calls for only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371; see also *Curto v. Astrue*, No. 07 Civ. 3711 (DLC), 2010 WL 1047624, at *3 (S.D.N.Y. Mar. 22, 2010).

A contingent-fee agreement is unreasonable if it provides for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht*, at 807;§ 406(b)(1)(A). Should the contingent

---

[1] "Whenever a court renders a judgment favorable to a Plaintiff . . . the court may determine and allow . . . a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the Plaintiff is entitled." 42 U.S.C.A. §406(b)(1)(A).

2

agreement fall within the twenty-five percent limit, the attorney "still must show that the fee sought is reasonable for the services rendered." *Id.* A fee agreement will be viewed as reasonable unless there has been fraud or overreaching, or the percentage represents a fee that exceeds the time spent by counsel on a Plaintiff's case. *Wells,* 907 F.2d at 372 (noting that the district court should consider "whether the requested amount is so large as to be a windfall to the attorney.").[2] Courts also consider whether the attorney's representation was substandard, regardless of the Plaintiff's success. *Gisbrecht,* at 808. If the attorney is responsible for delays in the Plaintiff's case, the attorney may not reap the benefits of additional time spent on the case because of such delays. *Id.* Should the court find the fee unreasonable given the circumstances, the court may order a reduction in the amount due Plaintiff's counsel. *Wells,* 907 F.2d at 808.

Tangredi was awarded $196, 343, which would entitle Insler to $49,085.75 (twenty-five percent of her award) under the retainer agreement. Insler has stated that his work totals 27.55 hours. The rates Courts in this Circuit have determined to be reasonable in Social Security cases have varied. *See, e.g., Torres v. Colvin,* No. 11 CIV. 5309 JGK, 2014 WL 909765, at *1 (S.D.N.Y. Mar. 6, 2014) (granting a fee application in amount of $13,700.00 for 13.7 hours of work); *Wade v. Astrue,* No. 09 CIV. 7376 CM RLE, 2012 WL 4474451, at *1 (S.D.N.Y. Sept. 27, 2012) (granting a fee application in amount of $12,210.12 for 26.75 hours of work); *Fura v. Astrue,* No. 08 Civ. 0689 (TJM), 2011 WL 1541307, *1 (N.D.N.Y. Apr. 21, 2011) (granting a fee application in amount of $6,668, supplementing an earlier award of $9,333.50, for 78.70 hours of work).

Given (1) the lengthy procedural history and two remands in this case, (2) the substantial

---

[2] "In this regard, the court may require the Plaintiff's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the Plaintiff and a statement of the lawyer's normal hourly billing charge or noncontingent-fee cases." *Gisbrecht,* at 808.

departure from the amount due under the retainer agreement and (3) the presumptive reasonableness of a twenty-five percent contingency fee agreement, the Court finds Insler's request of $15,000 to be reasonable.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Tangredi's motion be **GRANTED**, and counsel be awarded an additional $15,000.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Annelisa Torres, 500 Pearl Street, Room 2210, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: April 27, 2015.**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge
